UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:13-00228 |
| v. | ) | Judge Bryant |
| | ) | |
| JONATHAN CAINE | ) | |

## PLEA AGREEMENT

The United States of America, through David Rivera, Acting United States Attorney for the Middle District of Tennessee; Assistant United States Attorney Blanche Cook; Department of Justice Trial Attorney Nicholas Murphy, and defendant, Jonathan Caine, through defendant's counsel, Hal Hardin, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that he has been charged in the information in this case with violating Title 18, United States Code, Section 245(b)(2)(C).

2. Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

1

## Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count 1 of the information.

## Elements of the Offense

4. The elements of the offense of Interference with a Federally Protected Right in violation of Title 18, United States Code, Section 245(b)(2)(C), as charged in Count One, are as follows:

First, the Defendant used force or the threat of force;

Second that the Defendant did so, or attempted to do so, to willfully injure, intimidate, or interfere with a person, in this case, C.P. an African-American;

Third, that the Defendant did so because of the person's race, color, religion or national origin; and

Fourth; that the Defendant did so because that person was enjoying employment, or the perquisites thereof, by a private employer, in this case, a private High School located in Nashville, Tennessee.

## Penalties

5. The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum penalties:

Imprisonment: up to 12 months

Fine: up to $100,000

Supervised Release: up to 1 year

Special Assessment: $25

Defendant further understands that the Court may order restitution to the victims of the offense.

2

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Plea Agreement

6. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and Assistant Attorney General and defendant regarding defendant's criminal liability in case 3:13-00228.

7. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

(b) If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

8.     Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Factual Basis

9.     Defendant will plead guilty because he is in fact guilty of the charge contained in Count 1 of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

In 2011, Defendant became very resentful that his High School, a private High School located in Nashville, Tennessee, was recruiting African American athletes. Throughout high school, particularly 2011 to 2012, Defendant regularly socialized with other white players on his high school's football team.

As part of these get-togethers Defendant made several race-motivated calls to employees of his high school, specifically the school's Head Football Coach; Athletic Director; President; and C.P., a black football coach at Defendant's high school. These calls included references to violent

4

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

8.     Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Factual Basis

9.     Defendant will plead guilty because he is in fact guilty of the charge contained in Count 1 of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

In 2011, Defendant became very resentful that his High School, a private High School located in Nashville, Tennessee, was recruiting African American athletes. Throughout high school, particularly 2011 to 2012, Defendant regularly socialized with other white players on his high school's football team.

As part of these get-togethers Defendant made several race-motivated calls to employees of his high school, specifically the school's Head Football Coach; Athletic Director; President; and C.P., a black football coach at Defendant's high school. These calls included references to violent

4

acts, and racial slurs, including the use of the word "Nigger." With respect to Count one of the information, on or about August 10, 2012, defendant did willfully call C.P. with the intent to threaten and intimidate him and to interfere with his enjoyment of his position as a coach of the football team. Specifically, defendant left a threatening voicemail on C.P.'s cellular phone in which he stated in part:

> Hello Nigger [C.P.] . . . I just want to let you all know that I appreciate your supporting the Niggers out on the football field. . . . Yo niggers, that's N-I-G-G-E-R-S, are a very important part of this American community. And thus sayeth the Lord all niggers shall be killed. Amen, amen I say to you [unintelligible] as the Lord Christ says if a nigger shall be born unto thee, the nigger shall be killed. Over and out.

This message followed an earlier message left by defendant for the President of his high school, on August 9, 2012, in which the defendant again threatened C.P. Specifically, defendant stated, "Hey, yo [President]. I just want you to know that God hates Niggers. And I swear to God [President], if you don't quit getting those niggers over at that school [C.P.] is gonna get what's coming to him...."

In another call, on August 19, 2012, Defendant left the following message for the President of his high school: "God damn it [President]. I swear to God. If you don't quit putting those Niggers over there I swear to God I'm going to go down there and raise hell over there. . . I'll see you in hell."

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

5

Case 3:13-cr-00228   Document 10   Filed 11/22/13   Page 5 of 12 PageID #: 20

## Sentencing Guidelines Calculations

10. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2012.

11. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree, pursuant to Rule 11(c)(1)(C), the following:

   (a) **Offense Level Calculations.**

   i. The base offense level for the count of conviction is 15, pursuant to U.S.S.G. § 2H1.1.

   ii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).

   iii. The parties agree that no additional upward or downward adjustments, or U.S.S.G.-based departures, are appropriate.

   (b) **Recommended Offense Level**

Therefore, the parties agree to recommend to the Court a final offense level of **13** (the "**Recommended Offense Level**"). Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level)" may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as

6

ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

### Agreements Relating to Sentencing

12. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of probation of 36 months, including: ~~(30)~~ *[handwritten: medical visits, church,]*

   a) home confinement, with the exception of employment, for 2 months in June and July of 2014;
   b) completion of a comprehensive substance abuse and treatment program;
   c) periodic drug and alcohol testing;
   d) maintaining enrollment in school and/or employment, or actively seeking employment; and
   e) completion 520 hours of community service directed toward needy minority communities.

Other than the agreed term of probation and home confinement, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of probation and home confinement set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of probation and home confinement, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

13. Defendant agrees to pay the special assessment of $25 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

### Entry of Guilty Plea

16. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

### Waiver of Appellate Rights

17. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial.

8

Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence as stated in the section entitled "Agreements Related to Sentencing." Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence as stated in the section entitled "Agreements Related to Sentencing."

18. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

19. Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

20. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering

9

it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

21. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

22. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

23. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

24. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

11/22/13
Date

Jonathan Caine, DEFENDANT

NOV 22 2013
Date

Hal Hardin, ATTORNEY
DEFENDANT


Respectfully submitted,

David Rivera
Acting United States Attorney

By: Blanche Cook
Blanche Cook
Assistant U.S. Attorney

11

Harold McDonough
Criminal Chief or Deputy Chief

*Nick Murphy*

Nicholas Murphy
Trial Attorney
Civil Rights Division, Department of Justice